## POWELL v. POWELL.

*Conversion — what is not.*

Defendant agreed with plaintiff's husband to sell him certain goods at a certain price if he would surrender a note held by plaintiff against defendant. The husband procured the note and surrendered it to defendant, who destroyed it, and then refused to carry out his agreement. He then sold the goods to the husband at a greater price. *Held,* that plaintiff was not entitled to maintain an action for conversion.

MOTION by defendant for a new trial upon a case and exceptions, ordered to be heard, in the first instance, at the general term, after a verdict, in favor of plaintiff, at the circuit.

The action was brought by Eliza Powell against John Powell, to recover the amount of a note made by defendant, and payable to the order of the plaintiff, which it was claimed was converted by defendant. The note said to be converted had been given by defendant during a negotiation for the sale of a store and the goods therein, made by one Benjamin E. Smith, who was plaintiff's father, to defendant, and Edward H. Powell, who was defendant's son and plaintiff's husband. Subsequent to this sale, Edward H. Powell sold his interest in the store to defendant; afterward, as was claimed by plaintiff, defendant agreed to sell the goods in the store to said Edward H. Powell for $1,000 less than he had paid for them, if plaintiff would give up the note; said Edward H. Powell procured the note from plaintiff for the purpose of carrying out the agreement; he delivered the note to the defendant, who took the same and did not again return it, and defendant refused to carry out his agreement as to the price he would sell the goods at. It was shown that the next day after the transaction about the note, defendant sold the goods to Edward H. Powell at the price originally paid by defendant for them.

Powell v. Powell.

It was claimed on the part of defendant that the note was obtained from him by fraud and conspiracy of plaintiff, said Edward H. Powell, and said Smith. That it was given without consideration, being given in exchange for a note of Edward H. Powell, which was given up at the time the note in suit was obtained by defendant, and that Edward H. Powell, for whose benefit the note was delivered to defendant, was indebted to defendant in the sum of $10,000, $9,000 more than the amount of the note.

*Gilbert & Maynard,* for plaintiff.

*W. Youmans, Jr.,* for defendant.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

LEARNED, P. J. The plaintiff, claiming to have been the owner of a certain note, at the time of its alleged conversion, sues the maker of the note for having wrongfully converted and destroyed it. It is not necessary to decide whether such an action will lie; whether a plaintiff can thus sue the maker of a note in tort instead of suing on contract.

The alleged conversion consists in this transaction, as claimed by plaintiff. The defendant agreed with the plaintiff's husband to sell him certain goods at a certain price if he would surrender up to the defendant the note in question. The plaintiff's husband informed her of this agreement and of its terms, and requested her to give him the note for the purpose of carrying out the agreement. She gave it to him for this purpose. He delivered it to the defendant upon this agreement. The defendant destroyed it and then refused to carry out the agreement. And the plaintiff's husband, on this refusal, purchased the goods of the defendant at a price greater than the sum agreed upon by the face of the note, thus losing the benefit of that payment on the purchase which he was to have had by the surrender of defendant's note.

The defendant gives a somewhat different version of the transaction, but for the purpose of this decision I take the plaintiff's testimony.

It was claimed that this was evidence of a fraudulent obtaining of the note by the defendant so that he was liable for a conversion.

Powell v. Powell.

Undoubtedly there may be an obtaining possession of property by fraud such that the subsequent appropriation will be a conversion. Such cases are generally where the property is delivered for a specific purpose, and the person receiving it uses it otherwise.

Now, in this case the note was, by the terms of the agreement, to be given up to the defendant. So that his subsequent destruction of it was in accordance with the intention of the plaintiff. When it had been surrendered to him he was at liberty to destroy it if he chose.

There is also another class of cases, where a person by a trick gets possession of property, pretending that he is to give something, on the instant, in exchange. For instance, if a customer in a store, pretending to be making a cash purchase, gets possession of the article and refuses to pay.

But the distinction between that class of cases and the present is this, here the defendant received the note on his promise that he would sell a stock of goods to the plaintiff's husband at a certain price, viz., the price at which he had bought them, less the face of this note.

This was substantially taking the note in part payment on the sale. The refusal after that to carry out the agreement was but a breach of contract. There was no immediate act to be done by the defendant on the strength of which he obtained possession of the note. He obtained it on the promise that he would afterward sell and convey the stock of goods at a certain price.

Again, the defendant did in fact sell and convey the goods to plaintiff's husband. Only he required him to pay more for them than the original agreement.

The plaintiff, however, urged that this promise to sell the stock of goods at a certain price was a mere fraud to obtain the note. But it is to be noticed that there is no indication of fraud except the promise to sell and the breach of that promise.

Thus the plaintiff's husband trusted to the promise of the defendant that he would sell the stock of goods at a certain price, and he trusted to no other promise or statement. This is not enough to justify a charge of conversion.

Again, the defendant did in fact sell and convey the goods to plaintiff's husband. True, he required him to pay more for them than the alleged original agreement provided. The purchaser satisfied the new contract by accepting it, instead of insisting on

the performance of that agreement which, the plaintiff claims, was first made.

But that increased price was the loss of plaintiff's husband, not hers. She delivered this note to her husband to be given to the defendant substantially as a part payment on the proposed sale of goods. If her husband, instead of insisting on the terms of the original contract, chose to give that up and to make a new contract, she has no ground of complaint. If any wrong was done it was done to her husband, not to her. She delivered him the note that he might apply it on the purchase he was about to make. He might have insisted on the conveyance of the goods before he handed over the note to the defendant. But he did not do this. And, according to the plaintiff's claim, he was thus compelled to pay more for the goods. But this does not make a conversion of the note as to the plaintiff. For she intended that it should be given up to the defendant, and the transaction was to be, not for her benefit, but for her husband's. In other words, her husband told her that if she would let him have the note he could make a good bargain for himself in respect to the goods. She let him have it for that purpose. He used it for that same purpose, but was (as is claimed) defrauded. That is no injury to her, and there is no conversion as to her. The plaintiff should have been nonsuited.

A new trial must be granted, with costs to abide the event.

*New trial granted.*